**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Hugh Rodney HARRIS, Defendant—Appellant.**

No. 05–30543.

United States Court of Appeals, Ninth Circuit.

Submitted July 25, 2006.*

Filed July 27, 2006.

---

* This panel unanimously finds this case suit-

Lawrence R. Lincoln, Esq., Helen J. Brunner, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff-Appellee.

Walter G. Palmer, Esq., Seattle, WA, for Defendant-Appellant.

Before: WALLACE, WARDLAW, and FISHER, Circuit Judges.

## MEMORANDUM **

Harris appeals from the district court's modification of the conditions of his supervised release, following his conviction for wire fraud in violation of 18 U.S.C. § 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review supervised release conditions for abuse of discretion. *See United States v. Williams,* 356 F.3d 1045, 1052 (9th Cir. 2004). The district court possesses "wide latitude to design supervised release conditions." *Id.* However, because Harris did not object to the modification of his conditions of release, we review only for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001).

As part of his sentence, Harris has been ordered to pay $143,222.78 in restitution. On May 24, 2005, the U.S. Probation Office for the Western District of Washington charged Harris with four violations of the conditions of his supervised release, alleging that Harris submitted a false bank loan application; failed to register his car at his residence as required by Washington law; failed to so register the car as instructed by the probation office; and failed to pay restitution.

The probation office made several recommendations for modifications to Harris's conditions of supervised release as a result of the violations. These included a condi-

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion that he sell his Mercedes at fair market value within 60 days and apply the proceeds towards restitution. Harris consented to this condition.

At a hearing on October 26, 2005, Harris admitted all of the violations. At a later hearing on November 10, the district court observed that Harris had only paid $800 towards restitution. The district court asked Harris "[w]hy in the world are you driving a Mercedes Benz, someone who owes all this restitution to other people?" Among the reasons that Harris provided was that he had "been trying to sell that car.... Like I said, the car is not selling." After this exchange, the district court decided to require Harris to turn over the title of his Mercedes to the government, so that the government could sell the car and apply the proceeds towards restitution, rather than, as the probation office suggested, ordering him to sell his car within 60 days.

In light of Harris's admitted supervised release violations concerning registration of the car, his paltry contributions towards restitution, and his own admission that he was unable to sell the car, we conclude that there was no plain error when the district court modified the conditions of Harris's supervised release.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.